# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCCUPY FRESNO, et al., | 1:11-cv-1894 AWI DLB |
| Plaintiff, | ORDER DENYING APPLICATION FOR AN IMMEDIATE TEMPORARY RESTRAINING ORDER AND SETTING A BRIEFING SCHEDULE FOR A MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| COUNTY OF FRESNO, et al., | |
| Defendants. | ORDER VACATING NOVEMBER 16, 2011 HEARING |
| | (Doc. 13) |

On November 13, 2011, Plaintiffs filed a complaint for declaratory relief, injunctive relief, damages, attorney fees and costs. Plaintiffs contend that a number of Defendants' ordinances unreasonably interfere with Plaintiffs' ability to assemble and exercise free speech. Currently, Plaintiffs have been told that all attendees to their rally must vacate Courthouse Park prior to 12:00 a.m. (midnight) every night without exception and told them they can only use the Park from 6:00 a.m. to 12:00 a.m. Plaintiffs have also been forbidden to hold protester signs. Plaintiffs contend that Defendants have interfered with their Right to Peaceably Assemble, the Right of Speech; and, the Right to Petition the Government for a Redress of Grievances.

On November 13, 2011, Plaintiffs filed an application for a temporary restraining order against Defendants. Despite the fact no District Court Judge or Magistrate Judge had yet been assigned to this action, Plaintiffs set their motion for a temporary restraining order on November 16, 2011 before the undersigned.

1

A party seeking a temporary restraining order or preliminary injunction must demonstrate that the party is likely to succeed on the merits, that the party is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., – U.S. – , 129 S.Ct. 365, 374 (2008); National Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010).  "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Indep. Liv. Cntr. of Southern Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 376) (internal quotation marks omitted)).

Here, Plaintiffs have attempted to file an ex parte motion for a temporary restraining order, without allowing Defendants to have notice of the motion.  Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if:  (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte* are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord, 452 F.3d at 1131.

Nowhere in Plaintiffs' motion do they provide any reason why Defendants should not be allowed to appear in opposition to Plaintiffs' motion.  Given the limited time his court has had to consider this action and the sparse briefing before the court, the court will deny the application for an *ex parte* immediate temporary restraining order at this time.

Accordingly, the court ORDERS that:

1. Plaintiff's application for an immediate temporary restraining order is DENIED without prejudice;

2

2.   Plaintiffs *may* file a fully briefed motion for a preliminary injunction by 4:00 p.m. on November 18, 2011;

3.   Defendants *may* file any opposition to Plaintiff's motion by 4:00 p.m. on December 2, 2011;

4.   Plaintiff *may* file any reply by 1:00 p.m. on December 6, 2011;

5.   The court will hear any motion for a preliminary injunction on December 12, 2011 at 1:30 p.m.

IT IS SO ORDERED.

Dated:   November 15, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE