1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

OCCUPY FRESNO, et al.,

              **Plaintiffs**,

    **v.**

COUNTY OF FRESNO, et al.,

              **Defendants**.

                             )

1:11-CV-1984 AWI-BAM

**ORDER ON MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR A TEMPORARY RESTRAINING ORDER**

(Doc. 37)

## BACKGROUND

Currently pending before the court is Plaintiffs' motion for reconsideration of the court's denial of Plaintiffs' motion for a temporary restraining order.  See Court's Docket, Doc. No. 37. In their motion, Plaintiffs request that the court reconsider and reverse its denial of Plaintiffs' "Motion for a Temporary Restraining Order During Pendency of Motion for Preliminary Injunction" ("Third Motion for TRO").  See id. at Doc. No. 33.  Defendants have filed an opposition, to which Plaintiffs have already replied.  See id. at Doc. Nos. 38, 39.  Having considered the moving papers, the court will deny the motion for reconsideration for the reasons set forth below.

**LEGAL STANDARD**

The court has discretion to reconsider and vacate a prior order.  See Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). "Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice."  Navajo Nation, 331 F.3d at 1046 (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Kona, 229 F.3d at 890.  Reconsideration is "not to be used to ask the court 'to rethink what it had already thought through - rightly or wrongly.'"  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  In this District, reconsideration is governed by Local Rule 230(j), which requires a party to set forth "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

**FACTS**

This is a civil rights action brought by Plaintiffs pursuant to 42 U.S.C. § 1983 challenging local ordinances requiring a permit to hold a public meeting in Courthouse Park, and making it unlawful to lodge, camp, or otherwise loiter in the park between the hours of 12 a.m. and 6 a.m.  See Fresno County Ordinances §§ 13.20.020, 13.20.030, 13.20.060, and 13.24.010. Plaintiffs are participants in a local movement known as "Occupy Fresno," which is aligned with the ongoing "Occupy Wall Street" demonstrations focusing on various economic and social justice issues.  Plaintiffs contend that Defendants' actions to enforce the challenged ordinances, including making arrests and ordering demonstrators to disperse from the park, violate the constitutional freedoms of people engaged in protected assembly and speech and have a chilling

2

effect on their expressive and associational activities.  Plaintiffs contend that the ordinances

interfere with their Right to Peaceably Assemble, the Right of Speech, Right to Petition the

Government for a Redress of Grievances, and the Right to Due Process.  On November 13, 2011,

Plaintiffs filed an <u>ex parte</u> motion for a temporary restraining order, declaratory relief, and

preliminary injunction against Defendants.  On November 15, 2011, the Court denied the motion

for temporary restraining order without prejudice, and set a briefing schedule for the motion for

preliminary injunction.  <u>See</u> Court's Docket Doc. No. 26.  On November 17, 2011, Plaintiffs

filed a "Renewed Motion for Temporary Restraining Order, Declaratory Relief, and Preliminary

Injunction" (the "Renewed Motion").  <u>See id.</u> Doc. No. 29.  On November 21, 2011, Plaintiffs

filed a First Amended Complaint ("FAC").  <u>See id.</u> Doc. No. 31.  On November 22, 2011,

Plaintiffs filed the Third Motion for TRO.  <u>See id.</u> Doc. No. 33.   The court denied the Renewed

Motion and the Third Motion for TRO, but deemed the Third Motion for TRO to be the

operative motion for preliminary injunction and directed the parties to proceed with the prior

preliminary injunction briefing schedule.  <u>See id.</u> Doc. No. 36.  Plaintiffs seek reconsideration of

the court's Order on the Third Motion for TRO.

## DISCUSSION

Plaintiffs' argument is two-fold.  First, they claim they are entitled to reconsideration of

the denial of the temporary restraining order because they have presented new facts of continuing

harm.  Second, Plaintiffs contend that the court committed an error of law by failing to discuss

the relevant test for a temporary restraining order in its prior Order.[1]

---

[1] In their Reply brief, Plaintiffs raise a third argument: that the court erred by finding that
the filing of the FAC rendered the Renewed Motion moot.  Plaintiffs contend that the FAC
restated the same facts as the Complaint, along with additional facts, and merely deleted claims
regarding damages, such that the claims supporting the Renewed Motion were "brought forward"
into the FAC.  Court's Docket, Doc. No. 39 at 4.  While this may be true, it does not change the
fact that the "amended complaint supersedes the original, the latter being treated thereafter as
non-existent."  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  The court denied the Renewed
Motion to clarify the procedural posture of this case and to ensure that all pending motions
referred to the operative complaint (the FAC), "without reference to the prior or superseded
pleading."  Local Rule 15-220. Plaintiffs, moreover, appear to concede that their Third Motion
for TRO took the place of the Renewed Motion, because they "have now narrowed the request

3

1    In their original Complaint and first motion for a temporary restraining order, Plaintiffs

2    alleged that Defendants were arresting or ordering to disperse persons engaged in constitutionally

3    protected speech, assembly, expressive conduct, and association as part of a 24-hour vigil in

4    Courthouse Park, for violations of local ordinances governing the use of the park.  See Court's

5    Docket, Doc. No. 13 at 5, 9; Doc. No. 29 at 2.  Plaintiffs also alleged that the park had been

6    under constant law enforcement surveillance.  See Decl. of Robert Navarro, Court's Docket,

7    Doc. No. 13-2.  In the Third Motion for TRO, Plaintiffs allege a continuation of the same facts.

8    Specifically, they contend that the arrests are ongoing and that the participants in the Occupy

9    Fresno movement are still being ordered to disperse from their peaceful assembly in Courthouse

10   Park, and are still being subjected to constant law enforcement presence and monitoring.  The

11   relief sought in the Third Motion for TRO is also substantively identical to the relief sought by

12   the first two motions.  Though Plaintiffs claim to have "narrowed" the temporary restraining

13   order in the Third Motion for TRO by adding an allowance for the issuance of citations to

14   persons in Courthouse Park, the core relief sought is the same as before - that Defendants be

15   enjoined from making further arrests or orders to disperse for violations of the public use

16   ordinances that Plaintiffs maintain are unconstitutional.  See id. Doc. 13 at 3.

17   The court considered these facts when it denied Plaintiffs' first motion for a temporary

18   restraining order and found that Plaintiffs had stated no reason why Defendants should not be

19   permitted to oppose Plaintiffs' motion.  The court then set a preliminary injunction briefing

20   schedule to allow Defendants to respond.  If Plaintiffs were unhappy with the briefing schedule

21   entered by the court, they could have filed a motion shortening time or request for a new briefing

22   schedule.  Instead, however, they filed two more motions for temporary restraining orders in

23   quick succession, relying on the same facts and seeking virtually the same relief.  Plaintiffs'

24   ongoing activities in Courthouse Park and Defendants' response have remained unchanged.

25

26   _____

27   and hereby renew the request for a TRO, although a much more limited TRO. . ."  Court's
     Docket, Doc. No. 33 at 3.

28                                                    4

1   Plaintiffs have presented no new facts which did not exist, or were not shown upon the prior

2   motion, that would warrant reconsideration.

3       Plaintiffs further argue that the court failed to properly balance and weigh the factors for

4   granting a temporary restraining order.  Pursuant to Rule 65(b) of the Federal Rules of Civil

5   Procedure, a temporary restraining order may be granted without notice to the adverse party only

6   if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that

7   immediate and irreparable injury, loss or damage will result before the adverse party can be heard

8   in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be

9   required.  A temporary restraining order serves the "underlying purpose of preserving the status

10  quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer."

11  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423,

12  439, 94 S. Ct. 1113 (1974).  In this case, Plaintiffs' original motion for a temporary restraining

13  order was denied because the factors for an ex parte order without briefing from Defendants was

14  not met under Rule 65(b).

15      Requests for temporary restraining orders which are not ex parte are governed by the

16  same general standards that govern issuance of a preliminary injunction.  "The standard for

17  issuing a temporary restraining order is identical to the standard for issuing a preliminary

18  injunction."  Whitman v. Hawaiian Tug & Barge Corporation/Young Bros. Ltd. Salaried Pension

19  Plan, 27 F. Supp.2d 1225, 1228 (D. Haw. 1998); see also Stuhlbarg Intern. Sales Co., Inc. v. John

20  D. Brush and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001). Therefore, a party seeking a

21  temporary restraining order must demonstrate that the party is likely to succeed on the merits,

22  that the party is likely to suffer irreparable harm in the absence of preliminary relief, that the

23  balance of equities tips in the party's favor, and that a temporary restraining order is in the public

24  interest.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374

25  (2008); National Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010).  In the Ninth

26  Circuit, the sliding-scale approach remains a viable alternative when applied as part of the four-

27

28                                                    5

1    prong <u>Winter</u> test.  Under this approach, "'serious questions going to the merits' and a balance of
2    hardships that tips sharply toward the plaintiff can support an issuance of a preliminary
3    injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and
4    that the injunction is in the public interest."  <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d
5    1127, 1135 (9th Cir. 2011).

6          Plaintiffs rightly point out that the court did not discuss the relevant factors for a
7    temporary restraining order in the Order denying the Third Motion for TRO.  Therefore, the court
8    will make explicit what was implicit in the prior Order.  In their pleadings and papers seeking a
9    temporary restraining order, Plaintiffs emphasize the irreparable harm and likelihood of success
10   factors.[2]  Plaintiffs are correct that irreparable harm generally is presumed if a violation of the
11   constitution is shown.  <u>See</u> <u>Goldies' Bookstore, Inc. v. Superior Court of the State of California</u>,
12   739 F.2d 466, 472 (9th Cir. 1984).  "The loss of First Amendment freedoms, even for minimal
13   periods of time, unquestionably constitutes irreparable injury."  <u>Elrod v. Burns</u>, 427 U.S. 347,
14   373 (1976).  But the law governing First Amendment claims also requires careful consideration
15   of Defendants' asserted interests and goals in enforcing the challenged ordinances.  Under both
16   the California and federal Constitutions, "permissible restrictions on expression in public fora
17   must be content-neutral, be narrowly tailored to serve an important government interest, and
18   leave open ample alternative channels for the communication of the message."  <u>Klein v. City of</u>
19   <u>San Clemente</u>, 584 F.3d 1196, 1201-02 (9th Cir. 2009) (citing <u>Kuba v. 1-A Agric. Ass'n</u>, 387
20   F.3d 850, 856 (9th Cir. 2004)).  Thus, the court cannot consider whether the ordinances are
21   constitutional without further briefing by both sides, and this is what the preliminary injunction
22   briefing schedule was designed to facilitate.  Because the constitutionality of the challenged
23   ordinances is the cornerstone of both the irreparable harm alleged and the likelihood of success
24   on the merits in this case, the court could not reach the temporary injunction factors without

25   _____

26        [2] The other relevant factors were discussed in Plaintiffs' first two motions for a temporary
27   restraining order.  Although the prior motions were made under a different operative complaint,
     the court considered the arguments made therein and incorporated in the Third Motion for TRO.

28                                        6

hearing from Defendants on these issues.  Plaintiffs have failed to show any grounds for reconsideration of the Order denying the Third Motion for TRO, and the court will deny the motion.

The court is, however, cognizant of the fact that Plaintiffs are anxious to proceed with the hearing on the preliminary injunction motion.  The court will therefore expedite the reply deadline and the hearing date on Plaintiffs' motion for preliminary injunction, if Plaintiffs so desire.

## CONCLUSION AND ORDER

Accordingly, the court ORDERS that:

1. Plaintiffs' Motion for Reconsideration of Denial of Motion for Temporary Restraining Order (Doc. No. 37) is DENIED;

2. Defendants *may* file any opposition to Plaintiff's motion for preliminary injunction by 4:00 p.m. on December 2, 2011;

3. If they desire, Plaintiffs *may* file any reply or notice of intention not to reply by 1:00 p.m. on December 5, 2011;

4. If Plaintiffs' reply or notice of intention not to reply is filed by 1:00 p.m. on December 5, 2011, the court will hear Plaintiffs' motion for preliminary injunction on December 9, 2011 at 3:30 p.m.

5. In the alternative, Plaintiffs *may* adhere to the original briefing schedule set forth in the court's November 17, 2011 Order.


IT IS SO ORDERED.

Dated:   December 2, 2011

CHIEF UNITED STATES DISTRICT JUDGE